UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JASON SLAWSON | * | CIVIL ACTION |
| VERSUS | * | NO. 15-3191 |
| CELLULAR SALES OF KNOXVILLE, INC. | * | SECTION C (JUDGE BERRIGAN) |
| | * | MAG. 1 (JUDGE SHUSHAN) |

**JOINT MOTION TO APPROVE SETTLEMENT UNDER THE FAIR LABOR STANDARDS ACT AND DISMISS LAWSUIT WITH PREJUDICE**

NOW INTO COURT, through undersigned counsel, come Plaintiff Jason Slawson and Defendant Cellular Sales of Knoxville, Inc. ("Cellular Sales"), who hereby represent to the Court they have resolved the claims in this matter in their entirety and respectfully request the Court approve the Confidential Settlement Agreement and Release, which Plaintiff and Cellular Sales are submitting to the Court for *in camera* inspection, and dismiss with prejudice all claims and causes of action asserted or unasserted by Plaintiff arising out of the facts forming the subject matter of the captioned proceeding, each party to bear their own attorneys' fees and costs except as provided in the Confidential Settlement Agreement and Release. Plaintiff and Cellular Sales are collectively referred to herein as the "Parties." In support of this motion, the Parties respectfully represent as follows:

1.

Plaintiff filed this proposed collective action lawsuit on August 3, 2015, alleging Cellular Sales failed to properly pay him and other alleged similarly-situated individuals overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* ("FLSA"). Plaintiff has not sought certification of the proposed action, and a collective action has not been certified.

2.

After careful review and analysis of the legal nuances of the claims and defenses of the Parties, Plaintiff and Cellular Sales have concluded that continuing to pursue this litigation would be protracted and expensive, and that it is desirable that the litigation be fully and finally settled in the manner and upon the terms and conditions set forth in the Parties' Confidential Settlement Agreement and Release, which the Parties are submitting to the Court for *in camera* review.

3.

Because the allegations of this lawsuit involve claims under the FLSA, the Parties request this Court approve their proposed settlement as required under the FLSA. *See Liger v. New Orleans Hornets NBA Ltd. P'ship*, 2009 WL 2856246, at *1 (E.D. La. Aug. 28, 2009) (Berrigan, J.) (unpublished). In deciding whether to approve a settlement under the FLSA, courts inquire as to whether the proposed settlement is (1) "fair and reasonable" and (2) resulted from a bona fide dispute over FLSA provisions. *Id.* (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)). The Parties respectfully submit and agree the proposed Settlement Agreement and Release satisfies both criteria under the FLSA.

4.

Prior to agreeing upon the proposed settlement, the Parties engaged in formal and informal written discovery. Cellular Sales provided Plaintiff's counsel with Cellular Sales' time and payroll records relating to Plaintiff. In addition to the discovery undertaken in this matter, counsel for Plaintiff and Cellular Sales have devoted significant amounts of time and effort into legal research and factual investigation into Plaintiff's claims and Cellular Sales' defenses.

5.

Several bona fide disputes exist between the Parties.  Cellular Sales has expressly denied, and continues to deny, Plaintiff is entitled to any amounts from Cellular Sales because Cellular Sales was not Plaintiff's "employer" within the meaning of the FLSA.  However, even assuming, *arguendo*, Plaintiff were entitled to any recovery, in addition to the defenses set forth in Cellular Sales' Answer, Cellular Sales contends such recovery should be offset by the significant amounts of compensation by which Plaintiff was previously, and inadvertently, overpaid.  Plaintiff and Cellular Sales further disagree with respect to the number of hours worked by Plaintiff and the existence and amount of any damages.

6.

The proposed settlement is also fair and reasonable.  The proposed settlement resulted from meaningful negotiations during which both Parties were represented by counsel. The Parties reviewed the available information and documents; evaluated their respective position in the action; and commenced settlement negotiations shortly thereafter.  Based on the factors discussed above, the Parties reached an agreement to settle the case, which is conditioned on the exact language of the Confidential Settlement Agreement and Release, satisfaction of the terms set forth in the Confidential Settlement Agreement and Release, and final approval by this Court of the Confidential Settlement Agreement and Release.  Plaintiff's counsel has presented the proposed settlement and release agreement to Plaintiff and Plaintiff has specifically accepted and agreed to the terms of the proposed agreement.

7.

The amount payable to Plaintiff has been calculated, taking into account the length of time Plaintiff allegedly worked, other factors related to Plaintiff's employment, and the relative

strength of Plaintiff's claims.  Plaintiff represents and warrants that the individual amount he will receive represents full and fair compensation for alleged unpaid wages, liquidated damages, attorneys' fees and costs, and any other legally recognized category of relief available for the claims asserted in the Complaint.

8.

The Parties submit that this settlement promotes judicial economy and the public interest. By reaching this fair and equitable settlement, the Court will not be compelled to devote the substantial time required to litigate an FLSA case.

9.

Based on the foregoing, the Parties agree, and respectfully submit, that the proposed settlement is a fair and reasonable compromise of bona fide disputes.

WHEREFORE, Plaintiff Jason Slawson and Defendant Cellular Sales of Knoxville, Inc. respectfully request this Court grant this motion and enter an order approving the settlement of this case and dismissing this lawsuit with prejudice, with each party to bear their own attorneys' fees and costs, except as provided in the Confidential Settlement Agreement and Release.

Respectfully submitted,

 /s/ C. Larry Carbo, III
C. Larry Carbo, III
SBOT #24031916
larry.carbo@chamberlainlaw.com
Julie R. Offerman
SBOT #24070360
julie.offerman@chamberlainlaw.com
CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS
   & AUGHTRY
1200 Smith Street, Suite 1400
Houston, Texas 77002
(713) 654-9630
(713) 658-2553 [fax]
*Admitted Pro Hac Vice*

 /s/ Donna Phillips Currault
Donna Phillips Currault (#19533)
dcurrault@gordonarata.com
Gordon, Arata, McCollam,
   Duplantis & Eagan, L.L.C.
201 St. Charles Avenue, Suite 4000
New Orleans, Louisiana 70170
Phone:  (504) 582-1111 Fax: (504) 582-1121

**ATTORNEYS FOR DEFENDANT**


-   AND   -


 /s/ Alan F. Kansas (with permission)
Alan F. Kansas, BAR #27725
The Law Office of Alan Kansas, LLC
1801 Carol Sue Avenue
Terrytown, Louisiana  70056
Phone:  (504) 210-1150
Fax:    504-617-6525
Email:  alan@alankansaslaw.com

**ATTORNEY FOR PLAINTIFF**

5

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served via hand delivery, electronic submission, facsimile, U.S. Mail, and/or certified mail, return receipt requested, on this the 11th day of March 2016, to the following:

Alan Kansas
The Law Office of Alan Kansas, LLC
1801 Carol Sue Avenue
Terrytown, Louisiana  70056
Fax:    504-617-6525
Email: alan@alankansaslaw.com

    /s/ C. Larry Carbo

2082699.1
005322..000555